UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY COREY and LISA COREY, | ) |
| Plaintiffs | ) |
| v. | ) Cause No. 3:05-CV-636 RM |
| PROGRESSIVE NORTHWESTERN INSURANCE CO., | ) |
| Defendant | ) |

OPINION AND ORDER

Larry and Lisa Corey sue Progressive Northwestern Insurance, alleging Progressive breached its insurance contract by denying coverage for injuries the Coreys sustained in an automobile collision. Progressive moves to dismiss the Coreys' complaint pursuant to FED. R. CIV. P. 12(b)(7) for failure to join indispensable parties under FED. R. CIV. P. 19. For the following reasons, the court denies Progressive's motion.

In ruling on a motion to dismiss for failure to join an indispensable party, the court must accept the allegations of the complaint as true and all reasonable inferences must be drawn in favor of the plaintiff; the court may, however, look outside of the pleadings and consider extrinsic evidence. Davis Companies v. Emerald Casino, Inc., 268 F.3d 477, 479-480 (7th Cir.2001). The following facts are based upon the Coreys' allegations.

Automobiles driven by Mr. Corey and Patrick Furlong collided in Starke County, Indiana. Mavis Hucker owned the uninsured vehicle Mr. Furlong was

driving. The fault and negligence of Mr. Furlong and Mr. Hucker caused the collision, and the Coreys incurred damages as a result of the collision. The Coreys, Mr. Furlong, and Mr. Hucker are Indiana citizens; Progressive is deemed a citizen of Ohio.

Progressive insured the Coreys at the time of the crash. The policy had limits of $500,000 for bodily injury and $10,000 for property damage by uninsured motorists. The Coreys say Progressive breached the insurance contract by denying payment on their claims.

The Coreys have also sued Mr. Furlong and Mr. Hucker in Starke County Circuit Court. Progressive wasn't made a party in that case, but received leave to intervene as a defendant so that it could file a cross claim against the Coreys to preserve its subrogation rights.

Progressive contends that Mr. Furlong and Mr. Hucker are necessary and indispensable parties in this litigation. A Rule 12(b)(7) motion to dismiss triggers a two-step inquiry: the court first determines whether a party is one that should be joined if feasible, *see* FED. R. CIV. P. 19(a), and if the party should be included in the action but it cannot be, the court decides whether the litigation can proceed at all in the party's absence. *See* FED. R. CIV. P. 19(b); Thomas v. United States, 189 F.3d 662, 667 (7th Cir.1999). If the court cannot structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as "indispensable" and

2

the action is subject to dismissal upon a proper motion under FED. R. CIV. P. 12(b)(7). Thomas v. U.S., 189 F.3d at 667.

A party is necessary if " (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." FED. R. CIV. P. 19(a); Davis Companies v. Emerald Casino, 268 F.3d at 481-482.[1]

Progressive says Mr. Furlong and Mr. Hucker are necessary parties because they have an interest in the subject matter of this litigation that will be impaired or impeded if the litigation proceeds in their absence. Under Rule 19(a), it is the absent party which must claim an interest relating to the subject matter of the lawsuit. FED. R. CIV. P. 19(a); Davis v. Emerald Casino, 268 F.3d at 483, *citing* Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2nd Cir. 1996) ("it is the absent party that must 'claim an interest' "); United States v. Bowen, 172 F.3d 682, 689 (9th Cir.1989), *see also* Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir.1983) ( "Rule 19(a)(2), concerning prejudice to the absent party or to those already parties [ ] [is] contingent [ ] upon an initial requirement

---

[1] Although the term "necessary" parties has been omitted from the Federal Rules, courts still employ the term to refer to parties who satisfy the criteria of Rule 19(a). *See* Davis Companies v. Emerald Casino, 268 F.3d at 481.

3

that the absent party claim a legally protected interest relating to the subject matter of the action").

Progressive hasn't demonstrated that Mr. Furlong or Mr. Hucker "claim an interest relating to the subject of the action," so its attempt to assert, on their behalf, an interest in seeing that the amount of fault apportioned to them is reduced falls outside the language of the rule. Accordingly, Mr. Furlong and Mr. Hucker aren't necessary parties to this lawsuit, and Progressive's motion to dismiss [Doc. No. 7] is denied.[2]

SO ORDERED.

Entered: February 13, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court


cc:   Magistrate Judge Nuechterlein
      counsel of record

---

[2] The court needn't determine if Mr. Furlong or Mr. Hucker are indispensable. *See* Thomas v. U.S., 189 F.3d at 666 ("only if the court concludes [ ] that the party should be included in the action but it cannot be, must it go on to decide whether the litigation can proceed at all in the party's absence").